Stover vs. Hession.

---

## No. 7355.

## W. D. STOVER vs. JOHN HESSION.

The pendency of a rule to shew cause why an injunction should not be dissolved, which had been taken before the adjournment of the courts in the summer and remained untried during the vacation and until the next term had begun, was not an obstacle to the plaintiff's taking a default and confirming it when the courts re-opened.

A foreman, superintending levee-work, has no privilege for his wages upon the funds due by the State to the contractor.

APPEAL from the Sixth District Court of New Orleans.  RIGHTOR, J.

*Tully* for Plaintiff.  *Rice* for Defendant Appellant.

Hession was a contractor with the State for building certain levees, and Stover was a foreman employed by him to superintend the laborers. Stover sued for a balance due him, and alleging a privilege on the funds due Hession by the State, injoined the payment of them to Hession. Hession was cited June 28, and on same day bonded the injunction, and simultaneously took a rule on Stover to shew cause on July 2nd, why the injunction should not be dissolved. On that day the trial of the rule was continued, and was not again fixed for trial. On November 22, the plaintiff took judgment by default, and in due time confirmed it. After ineffectual motion for a new trial, the defendant appealed.

After reciting the facts,

MARR, J.  We do not think the pendency of the rule to dissolve the injunction excused defendant from the necessity of answering to the merits, and it was no obstacle to the taking and confirming a default.  The defendant should have fixed his rule for trial again. It could have been tried in vacation.  The default was taken five months after the beginning of the suit, and three weeks after the beginning of the next term.

We know of no law which authorizes a privilege upon the funds due by the State to the contractor for the work performed by the plaintiff.

*Judgment allowing privilege reversed, and in other respects affirmed.*